Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway – Suite 848
New York, NY 10279 -
Richard A. Zimmerman (RZ 0963)
(212) 962 -1818

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------x

CHEMLUBE INTERNATIONAL INC.

                            Plaintiff,

            -against-

IBETO PETROCHEMICAL INDUSTRIES
LTD. - NIGERIA

                            Defendant.
----------------------------------------------------x

*E C F   C A S E*

Civil Action No. 04 Civ. 7732
(LTS)

VERIFIED COMPLAINT

Plaintiff, by its attorney, Richard A. Zimmerman, Esq., complaining of the above-
named Defendant, alleges upon information and belief as follows:

1.  This is a case of admiralty and maritime jurisdiction under 9 U.S.C. §1333, as
    hereafter more fully appears, and is an admiralty or maritime claim within the
    meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.  At all material times, Plaintiff was and now is a corporation organized and
    existing under the laws of New York.

3.  At all material times, Defendant was and is a corporation organized and existing
    under the laws of Nigeria.

## FIRST CAUSE OF ACTION

4. On or about April 29, 2004 Plaintiff entered into a contract with Defendant calling for the sale and delivery of a cargo of specialty oils to Lagos Nigeria (the "Sichem Labrador Contract"). A copy of the Contract is annexed hereto as Exhibit A.

5. Plaintiff fulfilled its obligations under the Contract and contracted with the MV Sichem Labrador ("the Vessel") to transport the oils and loaded the cargo aboard. Copies of the Bills of Lading are annexed hereto as Exhibit B.

6. The Sichem Labrador Contract has uniquely maritime obligations related to the commerce and navigation of the Vessel utilized for delivery of the cargo. Defendant agreed at Clause 10 to "ensure that a safe berth is always available for the vessel to discharge the cargo as soon as the vessel tenders notice of readiness at the discharge port." The Vessel arrived and tendered notice of readiness on June 14, 2004. A copy of the Vessel's notice of readiness is annexed hereto as Exhibit C.

7. Defendant failed to comply with its obligation stated in Paragraph 6.

8. Defendant agreed at Clause 10 to discharge the cargo at the rate of 85 metric tons per hour starting 6 hours after notice of readiness was tendered, Sundays and holidays included.

9. Defendant failed to comply with its obligation stated in Paragraph 8.

10. The Sichem Labrador Contract at Clause 11 requires Defendant to pay demurrage at the rate of $9,500.00 per day or pro rata. Further, Defendant guaranteed payment of demurrage within 14 days after receipt of the claim.

11. The Sichem Labrador Contract at Clause 11 requires Defendant to raise any dispute with regard to Plaintiff's claim for demurrage within 5 working days after receipt.

12. Plaintiff has submitted demurrage claims for $556,538.50. More than 14 days have elapsed and Defendant has neither disputed nor paid the claim, except for $100,000.00 that Defendant has paid on account. Defendant failed to pay more, despite demand having been made.

13. Plaintiff has also submitted claims for $48,635.21 for fuel the Vessel consumed because of Defendant's breach of its maritime obligations under the Contract. Defendant has not paid despite demand having been made. Copies of Plaintiff's demurrage and fuel claims are annexed hereto as Exhibit D

14. The Sichem Labrador Contract at Clause 16 provides that controversies and claims arising will be submitted to arbitration at New York administered by the American Arbitration Association.

15. Pursuant to the terms of the Sichem Labrador Contract, Plaintiff reserves its right to commence arbitration proceedings against the Defendant. Plaintiff reserves its right to pursue all of the remedies to which it is entitled in the arbitration.

<u>SECOND CAUSE OF ACTION</u>

16. .Plaintiff repeats and realleges paragraphs 1 through 15.

17. On or about December 31, 2003, Plaintiff entered into a contract with Defendant calling for the sale and delivery of a cargo of specialty oils to Lagos Nigeria (the "Beffen Contract"). A copy of the Contract is annexed hereto as Exhibit E.

18. Plaintiff fulfilled its obligations under the Contract and contracted with the MV Beffen ("the Beffen Vessel") to transport the oils and loaded the cargo aboard. Copies of the Bills of Lading are annexed hereto as Exhibit F.

19. The Beffen Contract has uniquely maritime obligations related to the commerce and navigation of the Vessel utilized for delivery of the cargo.  Defendant agreed at Clause 10 to "ensure that a safe berth is always available for the vessel to discharge the cargo as soon as the vessel tenders notice of readiness at the discharge port." The Beffen Vessel arrived and tendered notice of readiness on February 23, 2004, 2004.  A copy of the Vessel's notice of readiness is annexed hereto as Exhibit G.

20. Defendant failed to comply with its obligation stated in Paragraph 10.

21. Defendant agreed at Clause 10 to discharge the cargo at the rate of 85 metric tons per hour starting 6 hours after notice of readiness was tendered, Sundays and holidays included.

22. Defendant failed to comply with its obligation stated in Paragraph 22.

23. The Beffen Contract at Clause 11 requires Defendant to pay demurrage at the rate of $9,500.00 per day or pro rata.  Further, Defendant guaranteed payment of demurrage within 14 days after receipt of the claim.

24. The Beffen  Contract at Clause 11 requires Defendant to raise any dispute with regard to Plaintiff's claim for demurrage within 5 working days after receipt.

25. Plaintiff has submitted demurrage claims for $144,077.  More than 14 days have elapsed and Defendant has neither disputed nor paid the claim, despite demand having been made.

26. Copies of Plaintiff's demurrage claim are annexed hereto as Exhibit H.

27. The Beffen Contract at Clause 16 provides that controversies and claims arising will be submitted to arbitration at New York administered by the American Arbitration Association.

28. Pursuant to the terms of the Beffen Contract, Plaintiff reserves its right to commence arbitration proceedings against the Defendant. Plaintiff has claims against Defendant that are not brought herein as they are not maritime in nature. Plaintiff reserves its right to pursue all of the remedies to which it is entitled in the arbitration.

## UNDER BOTH CAUSES OF ACTION

29. Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Civil Procedure, but upon information and belief the Defendant has or will have during the pendency of this action, property and assets within this District and subject to the jurisdiction of this Court held in the hands of St. Paul Fire and Marine Insurance Company, 233 Broadway, 26th Floor, New York, NY 10279 ("the Garnishee").

30. Plaintiff seeks an order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules of Civil Procedure and the United States Arbitration Act, 9 U.S.C. §8, attaching, *inter alia*, any assets and property of the Defendant held by the Garnishee for the purposes of obtaining Defendant's appearance and security for its claims in the arbitration in the total amount of $934,250.71, calculated as follows: (1) $605,173.71, plus interest and costs estimated at $150,000.00; (2) $144,077.00 plus interest and costs estimated at $35,000.00. No security for

Plaintiff's claim has been posted by Defendant or anyone acting on its behalf to date.

WHEREFORE, Plaintiff prays:

1. . That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged.

2. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules of Civil Procedure, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules of Civil Procedure and the United States Arbitration Act, 9 U.S.C. § 8, attaching all claims, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant, Ibeto Petrochemical Industries Ltd. including, but not limited to any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, assets held by or at St. Paul Fire and Marine Insurance Company, 233 Broadway, 26th Floor, New York, NY 10279 up to and including the amount of $934,250.71 to secure the Plaintiff's claims including interest and costs, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged.

3.  That Plaintiff may have judgment for its claims as aforesaid in the amount of $934,250.71.

4.  That following any and all such attachments and garnishments, the Court stay further proceedings pending the issuance of an arbitration award, and retain jurisdiction for the purpose of entering judgment on the award against the property attached.

5.  That Plaintiff may have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
September 29 , 2004

RICHARD A. ZIMMERMAN, ESQ.

Attorney for Plaintiff
233 Broadway – Suite 848
New York, NY 10279
Richard A. Zimmerman (RZ 0963)

<u>VERIFICATION</u>

STATE OF NEW YORK        )
                                          ) ss.:
COUNTY OF NEWYORK   )

     Robert Nobel verifies the following:

1. I am President of Plaintiff herein, and make the following Verification pursuant to the Federal Rules of Civil Procedure, Supplemental Rule B, 28 USC §1746, and the Local Rules of the United States District Court for the Southern District of New York. I have read the foregoing Verified Complaint, know the contents thereof, and believe the same are true to the best of my own knowledge.

2. Exhibits annexed to the Complaint are true copies of documents from Plaintiff's files.

3. The sources of deponent's knowledge, information and belief are derived from my personal knowledge of the substance of the Complaint, an examination of Plaintiff's files and documents and discussions with employees of Plaintiff.

4. Deponent is authorized to make this Verification on behalf of Plaintiff.

    I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
Executed on the 29 day of September, 2004.

_____
Robert Nobel

# Exhibit A

08/11/2004 11:54 FAX 914 381 8988          CHEMLUBE INT. INC        → ZIMMERMAN         ☒002
May 05 04 04:28p    THE IBETO GROUP LAGOS              234-1-2619667          p.1
09/29/2004 15:06 FAX 914 381 8988    CHEMLUBE INT. INC                       ☒002/007



# chemlube
## INTERNATIONAL INC.
**500 Mamaroneck Avenue, Harrison, New York 10528**
**PHONE: (914) 381-5800  FAX: (914) 381-8988  e-mail: newyork@chemlube.com**

TO: IBETO PETROCHEMICAL INDUSTRIES LTD – NIGERIA                    APRIL 29, 2004
( VIA FAX: 011-234-1-261-9667 ) – 7 pages

ATTN: MR. CLETUS M. IBETO, CHAIRMAN

RE : PURCHASE OF BASE OILS - *AMENDMENT RE PRICES*
(OUR REFERENCE: CONTRACT NUMBER N0408)

DEAR MR. IBETO,
WITH REFERENCE TO VARIOUS TELEPHONE CONVERSATIONS AND THE AGREEMENT
WHEREBY WE (CHEMLUBE) WILL COLLECT SOME OF THE AGREED SOPETRA DEMURRAGE, WE
HERE PRESENT THE AMENDED CONTRACT FOR YOUR ACCEPTANCE/SIGNATURE:

1. SELLER:
   CHEMLUBE INTERNATIONAL INC.
   500 MAMARONECK AVENUE
   HARRISON, NY 10528
   USA

2. BUYER:
   IBETO PETROCHEMICAL INDUSTRIES LTD.
   VICTORIA ISLAND,
   NIGERIA

3. PRODUCTS / QUALITY:
   BRIGHTSTOCK 150 AND PALE 2800 CONSISTENT WITH THE SPECIFICATIONS ATTACHED.

4. QUANTITIES:
   BRIGHTSTOCK 150: 4100 METRIC TONS.
   AND
   PALE 2800: 2100 MTONS
   FINAL QUANTITIES, AS PER BILLS OF LADING, +/- 5% AT SELLER'S OPTION.

5. PRICES:                                                             *# 15 above
   THE UNIT PRICES CFR APAPA SEAPORT AND/OR IBRU JETTY, LAGOS, NIGERIA ARE:   added.*
   -   BRIGHTSTOCK 150: USD 585.00 PER METRIC TON
   -   PALE 2800: USD 525.00 PER METRIC TON

6. DISCHARGE PORT:
   LAGOS, NIGERIA (APAPA AND/OR IBRU JETTY), WHERE PORT COSTS AND DISCHARGE
   COSTS INCLUDING NMA, PILOTAGE, PORT TAXES AND WHARFAGE, IF ANY, ARE FOR
   BUYER'S ACCOUNT.

7. DELIVERY:
   IN ONE LOT, CFR APAPA AND/OR IBRU JETTY, LAGOS AT BUYER'S OPTION, BY SELLER'S
   PERFORMING VESSEL, "SICHEM LABRADOR" OR SUBSTITUTE, WITH ARRIVAL BASIS
   SCHEDULED LOADING DURING MAY 15-31, 2004, BUT ALWAYS SUBJECT TO VESSEL DELAYS
   AND WEATHER PERMITTING.
   -   THE BRIGHTSTOCK 150 LOADS FROM BROWNSVILLE, TEXAS, USA.
   -   THE PALE 2800 LOADS FROM HOUSTON, TEXAS, USA.

1

08/11/2004 11:54 FAX 914 381 8988    CHEMLUBE INT. ING     234-1-2619887   → ZIMMERMAN     ☒003
May 05 04 04:28p     THE IBETO GROUP LAGOS     P.2
09/29/2004 15:56 FAX 914 381 8988    CHEMLUBE INT. ING     ☒003/007

8.  PAYMENT:
    PAYMENT FOR THE PRODUCT SHALL BE MADE IN FULL VIA LETTER OF CREDIT
    (CONFIRMED BY A FIRST CLASS BANK ACCEPTABLE TO SELLER) PROMPTLY "AT SIGHT" IN
    U.S. DOLLARS BY TELEGRAPHIC TRANSFER OF IMMEDIATELY AVAILABLE FUNDS WITHOUT
    OFFSET, DEDUCTION OR COUNTERCLAIM TO SELLER'S BANK AGAINST SELLER'S
    COMMERCIAL INVOICE AND USUAL SHIPPING DOCUMENTS:
    -  3 ORIG 3 COPIES OF CHARTERPARTY BILL OF LADING
    -  1 ORIG 3 COPIES OF COMMERCIAL/FINAL INVOICE
    -  1 ORIG 3 COPIES OF CCVO
    -  PACKING LIST

    WITHOUT PREJUDICE TO THE ABOVE, THE SELLER SHALL BE UNDER NO OBLIGATION TO
    LOAD OR DELIVER THE GOODS UNLESS AND UNTIL SATISFACTORY AND ACCEPTABLE
    LETTER OF CREDIT IS IN PLACE. IN THE EVENT OF ANY DELAY IN THIS REGARD THE TIME
    FOR SELLER TO DELIVER SHALL, WHERE APPROPRIATE, BE EXTENDED ACCORDINGLY.
    ANY LOSS OR DELAY DUE TO THE LACK OF SAID LETTER OF CREDIT SHALL BE FOR
    BUYER'S ACCOUNT. ALL BANK TRANSACTION CHARGES WITHIN NIGERIA ARE FOR
    BUYER'S ACCOUNT AND ALL BANK TRANSACTION CHARGES OUTSIDE OF NIGERIA ARE
    FOR SELLER'S ACCOUNT.

9.  CARGO INSURANCE:
    INSURANCE FOR THE CARGO AFTER LOADING IS THE RESPONSIBILITY OF THE BUYER IN
    ACCORDANCE WITH USUAL CFR TERMS.

10. DISCHARGE:
    THE BUYER SHALL ENSURE THAT A SAFE BERTH IS ALWAYS AVAILABLE FOR THE
    VESSEL TO DISCHARGE THE CARGO AS SOON AS THE VESSEL TENDERS NOTICE OF
    READINESS AT THE DISCHARGE PORT. DISCHARGE RATE: 85 MT/HR SHINC TIME TO
    START COUNTING 6 HOURS FROM N.O.R. OR WHEN VESSEL IS ALL FAST AT BERTH,
    WHICH EVER OCCURS FIRST. THE COST OF ANY DELAYS CAUSED BY FAILURE TO
    PROVIDE THESE FACILITIES WILL BE FOR THE BUYER'S ACCOUNT.

    IN CASE THE VESSEL IS REQUIRED TO LIGHTER INTO BARGES, THE VESSEL IS TO BE
    PREPARED TO RECEIVE THE QUANTITIES BACK INTO THE VESSEL'S CARGO TANKS
    FROM THE BARGES. BUYER WILL TAKE FULL RESPONSIBILITY AND RISK FOR THE
    QUANTITY AND QUALITY OF THE PRODUCT SHOULD THIS OPERATION BE NECESSARY.

11. DEMURRAGE
    US$ 9500 PER DAY PRO RATA. BUYER GUARANTEES PAYMENT OF DEMURRAGE WITHIN
    MAX 14 DAYS AFTER RECEIPT OF DEMURRAGE CLAIM. ANY DISAGREEMENT OVER THE
    DEMURRAGE CLAIM SHOULD BE RAISED BY BUYER WITHIN 5 WORKING DAYS AFTER
    SUCH CLAIM IS SUBMITTED, OTHERWISE THE DEMURRAGE CLAIM WILL BE ACCEPTED AS
    CORRECT.

12. DETERMINATION OF QUANTITY AND QUALITY:
    THE QUANTITY OF THE PRODUCT SUPPLIED CARGO SHALL BE ASCERTAINED BY SHORE
    TANK MEASUREMENTS AT THE LOADING TERMINAL AND THE TESTING OF PRODUCT
    QUALITY SHALL BE CARRIED OUT IN ACCORDANCE WITH USUAL GOOD PRACTICE BY THE
    PRODUCER. BOTH THE QUANTITY AND THE QUALITY SHALL BE VERIFIED BY INTERTEK
    CALEB BRETT WHOSE FINDINGS SHALL BE FINAL AND BINDING ON BOTH
    PARTIES.



13. TITLE AND RISK
    TITLE TO THE PRODUCT AND RISK OF LOSS SHALL PASS FROM SELLER TO BUYER AT THE
    LOADPORT AS THE OIL PASSES THE VESSEL PERMANENT HOSE CONNECTION AT THE
    VESSEL'S RAIL.

14. FORCE MAJEURE:
    A) BOTH PARTIES SHALL BE RELIEVED FROM THEIR OBLIGATIONS WITH RESPECT TO THE
       SALE, DELIVERY, PURCHASE AND DISTRIBUTION OF THE PRODUCT UPON THE
       OCCURANCE AND FOR THE DURATION OF ANY EVENT OF FORCE MAJEURE, PROVIDED
       THAT THE PARTY HERETO SO RELIEVED OF ITS OBLIGATIONS SHALL INFORM WITHIN
       TWO WORKING DAYS BY TELEX OR WRITTEN NOTICE THE OTHER PARTY OF THE
       OCCURANCE OF SUCH EVENT. HOWEVER, IF BY REASON OF THIS CLAUSE,
       PERFORMANCE BY THE PARTIES IS SUSPENDED MORE THAN 3 MONTHS, EITHER
       PARTY MAY TERMINATE THIS CONTRACT UPON WRITTEN NOTICE.

    B) FOR PURPOSE OF THIS CONTRACT, FORCE MAJEURE SHALL BE DEFINED AS
       FOLLOWS: ACTS OF GOD, WAR, DISRUPTION OF SELLER'S SUPPLIES, STRIKES, CIVIL
       COMMOTION, HOSTILITIES, EARTHQUAKE, FIRE, FLOOD AND MORE GENERALLY ANY
       EVENT BEYOND THE CONTROL AND REASONABLE, FORESEEABILITY OF THE
       PARTIES WHICH RENDERS IMPOSSIBLE THE PERFORMANCE OF ANY PARTY'S
       OBLIGATIONS.

    C) THE PURCHASE PRICE PROVIDED FOR HEREABOVE WILL REMAIN UNCHANGED FOR
       THE DURATION OF THE SUSPENSION OF THE AGREEEMENT BY REASON OF FORCE
       MAJEURE

    D) ANY LIABILITY FOR PAYMENT THEREFORE EXISTING SHALL UNDER NO
       CIRCUMSTANCES BE EXTINGUISHED BUT SHALL, ON THE CONTRARY, REMAIN IN FULL
       FORCE AND EFFECT.

    E) FORCE MAJEURE WILL NOT APPLY TO PAYMENTS DUE FROM BUYER.

15. APPLICABLE LAW
    THIS CONTRACT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE
    LAWS OF THE STATE OF NEW YORK, USA BUT WITHOUT GIVING EFFECT TO THE
    CONFLICT OF LAWS PRINCIPLES THEREOF.

16. ARBITRATION
    ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS CONTRACT, OR
    THE BREACH THEREOF, SHALL BE SETTLED BY ARBITRATION IN NEW YORK, NY, USA,
    ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION UNDER ITS COMMERCIAL
    ARBITRATION RULES, AND JUDGMENT ON THE AWARD RENDERED BY THE
    ARBITRATOR(S) MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.

17. TAXES, DUTIES AND OTHER LEVIES
    ALL DUTIES, TAXES, LEVIES AND OTHER OFFICIAL DUES AND CHARGES AS WELL AS THE
    COSTS OF CARRYING OUT AND CLEARING ALL CUSTOMS FORMALITIES FOR
    IMPORTATION OF THE GOODS AND, WHERE NECESSARY, FOR THE TRANSIT THROUGH
    ANOTHER COUNTRY SHALL BE ARRANGED BY AND SHALL BE FOR THE ACCOUNT AND
    RESPONSIBILITY OF THE BUYER.

18. INCOTERMS
    INCOTERMS 2000 FOR CFR SALE SHALL APPLY WHERE NOT IN CONTRADICTION WITH
    THE FOREGOING CONTRACTUAL TERMS.

3

19. GOVERNMENTAL / CUSTOMS REQUIREMENTS
BUYER WARRANTS THAT ALL CUSTOMS FORMALITIES AND REQUIREMENTS OF THE
LOCAL AUTHORITIES IN NIGERIA HAVE BEEN PROPERLY SECURED AND COMPLIED WITH
FOR THE IMPORTATION OF SUBJECT CARGO TO BUYER'S DESIGNATED DISCHARGE
LOCATION. APPLICATION FOR ALL RELEVANT PERMITS / LICENSES REQUIRED BY THE
GOVERNMENTAL AUTHORITIES FOR THE DISCHARGE OF THE VESSEL AND THE
IMPORTATION OF THE GOODS SHALL BE ARRANGED BY BUYER IN GOOD ORDER ON
OR BEFORE VESSEL'S ARRIVAL AT THE DISCHARGE PORT AND COSTS INCURRED
THEREFROM SHALL BE FULLY FOR BUYER'S ACCOUNT.

20. NOTICES AND DOCUMENTS
FOR THE PURPOSE OF REQUIRED NOTICES AND THE EXCHANGE OF DOCUMENTS
HEREUNDER THE FOLLOWING ADDRESSES SHALL BE USED, AS APPROPRIATE:

CHEMLUBE INTERNATIONAL INC.
500 MAMARONECK AVENUE
HARRISON, NY 10528
USA
ATTN: MR. ROBERT NOBEL
TEL: +1-914-381-5800
FAX: +1-914-381-8988

IBETO PETROCHEMICAL INDUSTRIES LTD.
4A ADEOLA HOPEWELL STREET
VICTORIA ISLAND
LAGOS
NIGERIA
ATTN: MR. CLETUS M. IBETO
TEL: +234-1-261-9194
FAX: +234-1-261-9667

BNP PARIBAS (SUISSE) S.A.
QUAI DE BERGUES 11
CH 1211 GENEVA 1
SWITZERLAND
ATTN: MS. CHANTAL SEDAKOFF
TEL: +41-22-906-2838
FAX: +41-22-738-0150

WE ARE PLEASED TO HAVE CONCLUDED THIS BUSINESS WITH YOUR ESTEEMED COMPANY.
KINDLY CONFIRM YOUR AGREEMENT TO THE TERMS AND CONDITIONS STIPULATED ABOVE BY
RETURNING A SIGNED COPY OF THE CONTRACT TO US.

SELLER:

ROBERT NOBEL
CHEMLUBE INTERNATIONAL INC.

DATE : 4/25/04

BUYER:

CLETUS M. IBETO
IBETO PETROCHEMICAL
INDUSTRIES LTD.

DATE : 05th May 2004

4

# Exhibit B

08/11/2004 11:55 FAX 914 381 8988        CHEMLUBE INT. ING        → ZIMMERMAN        ☑ 006

20/07/04 12:47:32        +98 216 425 4634->        914 381 8988    IBEX MARITIME        Page 006

20 Jul 2004 12:17    Ibex Maritime Ltd        0090 216 425 4647        p.5

Page 2

CODE NAME: "CONGENBILL" EDITION 1994                **BILL OF LADING**                 B/L No. 3
                                                    TO BE USED WITH CHARTER-PARTIES

Shipper                                                                 Reference No.
CHEMLUBE INTERNATIONAL INC.
600 MAMARONECK AVENUE
HARRISON, NEW YORK 10528
USA

Consignee
TO THE ORDER OF BNP PARIBAS (SUISSE) SA,
GENEVA, SWITZERLAND

Notify address                                               **ORIGINAL**
IBETO PETROCHEMICAL IND LTD
4A, ADEOLA HOPEWELL STREET,
VICTORIA ISLAND, LAGOS,
NIGERIA

Vessel                        Port of loading
M/T SICHEM LABRADOR           BROWNSVILLE, USA

Port of discharge
LAGOS

Shipper's description of goods                                Gross weight
RAW MATERIAL FOR LUBE OIL PREPARATION                        293.740 MT
BN500

CLEAN ON BOARD: 23 MAY 2004
FREIGHT PAYABLE AS PER CHARTER PARTY
NO SED REQUIRED-AEX X7N REF: 133537893-CLD51304-02
LC NUMBER 5041766013
FORM 'M' NUMBER MF0524697 /063/ BA20040260918
THE CRI ( CLEAN REPORT OF INSPECTION ) NUMBER SCI072150001

(of which        on deck at Shipper's risk; the Carrier not
being responsible for loss or damage howsoever arising)

| | |
|---|---|
| Freight payable as per CHARTER-PARTY dated | SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above. |
| FREIGHT ADVANCE. Received on account of freight: | Weight, measure, quality, quantity, condition, contents and value unknown. IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void. |
| Time used for loading       days       hours. | FOR CONDITIONS OF CARRIAGE SEE OVERLEAF |
| Freight payable at | Place and date of issue Brownsville, USA |
| Number of original Bs/L. | Signature Ibex Maritime ... Master ... |

This document is a computer generated CONGENBILL 1994 form printed by authority of BIMCO. Any insertion or deletion to the form must be clearly visible. In the event of any modification being made to the pre-printed text of this document which is not clearly visible, the text of the original BIMCO approved document shall apply. BIMCO assumes no responsibility for any loss, damage or expense as a result of discrepancies between the original BIMCO approved document and this computer generated document.

Page 2

| | | |
|---|---|---|
| CODE NAME: "CONGENBILL", EDITION 1994 | **BILL OF LADING** TO BE USED WITH CHARTER-PARTIES | B/L No. 2 |

Reference No.

**Shipper**
CHEMLUBE INTERNATIONAL INC.
500 MAMARONECK AVENUE
HARISSON, NEW YORK 10528
USA

**Consignee**
TO THE ORDER OF BNP PARIBAS (SUISSE) SA,
GENEVA, SWITZERLAND

**ORIGINAL**

**Notify address**
IBETO PETROCHEMICAL IND LTD
4A, ADEOLA HOPEWELL STREET,
VICTORIA ISLAND, LAGOS,
NIGERIA

| Vessel M/T SICHEM LABRADOR | Port of loading BROWNSVILLE, USA |
|---|---|

Port of discharge
LAGOS

| Shipper's description of goods | Gross weight |
|---|---|
| RAW MATERIAL FOR LUBE OIL PREPARATION BRIGHT STOCK 150 | 5296.590 MT |

CLEAN ON BOARD: 23 MAY 2004
FREIGHT PAYABLE AS PER CHARTER PARTY
NO SED REQUIRED-AEX XTN REF: 133537693-CL052304-01
L.C NUMBER 5041780012,
FORM 'M' NUMBER MF0538254 /053/ BA20040200516
THE CRI [ CLEAN REPORT OF INSPECTION ] NUMBER SCI072151001

(of which        on deck at Shipper's risk; the Carrier not
being responsible for loss or damage howsoever arising)

| Freight payable as per CHARTER-PARTY dated | **SHIPPED**   at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above. |
|---|---|
| FREIGHT ADVANCE. Received on account of freight | Weight, measure, quality, quantity, condition, contents and value unknown. IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void. |
| Time used for loading        days        hours. | FOR CONDITIONS OF CARRIAGE SEE OVERLEAF |
| Freight payable at | Place and date of issue Brownsville, USA 23 |
| Number of original Bs/L | Signature Ibex Maritime Master, Carrier |

This document is a computer generated CONGENBILL 1994 form printed by authority of BIMCO. Any insertion or deletion to this form must be clearly visible. In the event of any modification made to the pre-printed text of this document which is not clearly visible, the text of the original BIMCO approved document shall apply. BIMCO assumes no responsibility for any loss, damage or expense as a result of discrepancies between the original BIMCO approved document and this computer generated document.

Page 2

| | |
|---|---|
| CODE NAME: "CONGENBILL", EDITION 1994 | **BILL OF LADING**  B/L No. 1 |
| | TO BE USED WITH CHARTER-PARTIES |

Shipper
CHEMLUBE INTERNATIONAL INC.
500 MAMARONECK AVENUE
HARISSON, NEW YORK 10528
USA

Reference No.

Consignee
TO THE ORDER OF BNP PARIBAS (SUISSE) SA.
GENEVA, SWITZERLAND

Notify address
IBETO PETROCHEMICAL IND LTD
4A, ADEOLA HOPEWELL STREET,
VICTORIA ISLAND, LAGOS,
NIGERIA

**ORIGINAL**

| Vessel | Port of loading |
|---|---|
| M/T SICHEM LABRADOR | HOUSTON, USA |

Port of discharge
LAGOS

Shipper's description of goods
RAW MATERIAL FOR LUBE OIL PREPARATION
PALE 2800

Gross weight
2087.585 MT

CLEAN ON BOARD: 21 MAY 2004

FREIGHT PAYABLE AS PER CHARTER PARTY

NO SED REQUIRED-AES XTN REF: 133537893-CL052104

LC NUMBER 5041780014

FORM 'M' NUMBER MF0524836 /063/ BA20040260517

THE ORI ( CLEAN REPORT OF INSPECTION ) NUMBER SCI072149001

(of which          on deck at Shipper's risk the Carrier not
being responsible for loss or damage howsoever arising)

| | |
|---|---|
| Freight payable as per  CHARTER-PARTY dated | **SHIPPED**   at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above. |
| FREIGHT ADVANCE.  Received on account of freight: | Weight, measure, quality, quantity, condition, contents and value unknown.  IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void. |
| Time used for loading       days      hours. | |
| | FOR CONDITIONS OF CARRIAGE SEE OVERLEAF |
| Freight payable at | Place and date of issue  Houston, USA 21 |
| Number of original B/L. | Signature  Ibex Maritime                  for the  Master, |

This document is a computer generated CONGENBILL 1994 form printed by authority of BIMCO. Any insertion or deletion to this form must be clearly visible. In the event of any modification being made to the pre-printed text of this document which is not clearly visible, the text of the original BIMCO approved document shall apply. BIMCO assumes no responsibility for any loss, damage or expense as a result of discrepancies between the original BIMCO approved document and this computer generated document.

**Exhibit C**

08/11/2004 11:56 FAX 914 381 8988     CHEMLUBE INT. INC     → ZIMMERMAN     ☒009

**Vincent Gillooley**

| | |
|---|---|
| **From:** | Sichem Labrador - Master [sichem.labrador@vsl.tesma.net] |
| **Sent:** | Monday, June 14, 2004 3:30 AM |
| **To:** | USA/Charterer Chemlube1; USA/Charterer Chemlube3 |
| **Cc:** | Copenhagen Tankers: USA/Charterer Chemlube2; Nigeria/Lagos owner protecting agent; Nigeria/Lagos protective agent1; Nigeria/Lagos protective agent2 |
| **Subject:** | arvl notice |

To : Ibex Marine Ltd/operation dep
cc : Chemlube/Sopetra, Chemlube Int'l-New Yourk cc : Lagos/owner's
protective agent cc : CT operator/Morgan Green Fm : mt Sichem Labrador/
master Celombitko Valerijs Dt : 13.06.2004 e-mail No 06154

     re: arvl notice
     good day Messrs

To: Whom it may concern / Chemlube - via email:     info@ibexmaritime.com
Fm: Master Celombitko Valerijs, Sichem Labrador

Dear Sirs,

Please note that MT Sichem Labrador arrived at position: Lat.05.00N,
Long 003.00E date/time  : 14/0900 lt Bunkers rob: HFO 176.3mt  MDO
32.8mt

Vessel awaiting Charterers orders for berthing, in accordance with
clause
17 of Chemlube terms included in governing Charter-Party dated 14 april
2004, and remaining ready to berth upon such order, which pls send to:
owners via copenhagen tankers a/s - copenhagen@cphtank.com with cc to
vessel - sichem.labrador@vsl.tesma.net
and cc to owners protective agent:    afritramp.lagos@ng.dti.bollore.com
+
 amanda.bouin@fr.dti.bollore.com

Brgds
master Celombitko Valerijs


Phone: 762 274 478
Fax:   762 274 479
Tlx:   456 414 610
e-mail : sichem.labrador@vsl.tesma.net

# Exhibit D

*Page 3*

 **chemlube**
**INTERNATIONAL INC.**
500 Mamaroneck Avenue, Harrison, New York 10528
PHONE: (914) 381-5800  FAX: (914) 381-8988  e-mail: newyork@chemlube.com

27 July 2004

To:    Ibeto Petrochemical Industries

Attn:    Mr. Ibeto
      via fax: 011-234-1-261-9667

Cc:    Sopetra SA - Pius Hubmann

Re:    MT Sichem Labrador at Lagos, Nigeria 14 June 04 to 27 July 04
      <u>Preliminary demurrage calculation</u>

Dear Mr. Ibeto,

Inasmuch as subject vessel incurred inordinate delays while awaiting discharge at Lagos, we are hereby presenting our preliminary demurrage calculation and invoice in accordance with our contract number N0408 dated April 20, 2004.

### Preliminary Demurrage Calculation

Lagos, Nigeria:

| | | |
|---|---|---|
| Vessel arrived / NOR tendered: | 6/14/2004 | 9:00 |
| Start counting (NOR + 6 hours): | 6/14/2004 | 15:00 |
| Vessel remains at anchor position out of port: | 7/27/2004 | 24:00 |
| **Time to count (on demurrage):** | **1041 hours 00 mins = 43.375 days** | |

**<u>Demurrage expense:</u>**

**43.375 days x $ 9,500 PDPR\*\* = *$412,062.50***
**Less $100,000 demurrage downpayment**

**Demurrage due as of 27 July 04  24:00**          <u>**$312,062.50**</u>

   \*\* *Demurrage rate:*            $9,500 per day pro rata

We look forward to your prompt payment.
Please note that final demurrage claim will be presented upon discharge completion.

Best regards,

*L. Voronina*

Larisa Voronina
Chemlube International

*Page 8*



**chemlube**
**INTERNATIONAL INC.**
500 Mamaroneck Avenue, Harrison, New York 10528
PHONE: (914) 381-5800  FAX: (914) 381-8988  e-mail: newyork@chemlube.com

11 August 2004

| | |
|---|---|
| To: | Ibeto Petrochemical Industries |
| Attn: | Mr. Ibeto |
| | via fax: 011-234-1-261-9667 |
| Cc: | Sopetra SA - Pius Hubmann |
| Re: | MT Sichem Labrador at Lagos, Nigeria 27 July 04 to 11 Aug 04 |
| | _Demurrage calculation # 2_ |

Dear Mr. Ibeto,

Inasmuch as subject vessel remains at anchore position awaiting discharge at Lagos, we are hereby presenting our second demurrage calculation and invoice in accordance with our contract number N0408 dated April 20, 2004.

### Demurrage Calculation # 2

Lagos, Nigeria:

| | | |
|---|---|---|
| Vessel remains at anchor position out of port: | 7/27/2004 | 24:00 |
| Vessel remains at anchor position out of port: | 8/11/2004 | 24:00 |
| **Time to count:** | 360 hours 00 mins = 15 days | |

**_Demurrage expense:_**

### 15 days x $ 9,500 PDPR** = *$142,500.00*

### Demurrage due from 27 July 04  24:00

### to 11 Aug 04  24:00                                   **$142,500.00**

** *Demurrage rate:*          $9,500 per day pro rata

We look forward to your prompt payment.
Please note that final demurrage claim will be presented upon discharge completion.

Best regards,

*L. Voronina*

Larisa Voronina
Chemlube International



**chemlube**
**INTERNATIONAL INC.**
500 Mamaroneck Avenue, Harrison, New York 10528
PHONE: (914) 381-5800  FAX: (914) 381-8988  e-mail: newyork@chemlube.com

*Page 12*

**17 August 2004**

**To:**  Ibeto Petrochemical Industries

**Attn:**  Mr. Ibeto
via fax: 011-234-1-261-9667

**Cc:**  Sopetra SA - Pius Hubmann

**Re:**  MT Sichem Labrador at Lagos, Nigeria 11 Aug 04 to 15 Aug 02
Final demurrage calculation

Dear Mr. Ibeto,

We are hereby presenting our final demurrage calculation, invoice and supporting data in accordance with our contract number N0408 dated April 20, 2004.

### Final Demurrage Calculation

Lagos, Nigeria:

|  |  |  |
|---|---|---|
| NOR accepted: | 8/11/2004 | 22:50 |
| Time to count from: | 8/11/2004 | 24:00 |
| Cargo hose disconnected: | 8/15/2004 | 06:10 |

**Time to count:** **78 hours 10 mins**

**Demurrage:**

| | |
|---|---|
| Total time to count: | 78 hours 10 mins |
| Laytime allowed *: | 73 hours 00 mins |
| Time on demurrage: | 5 hours = 0.208 days |

### Demurrage expense: 0.208 days x $ 9,500 PDPR** = *$1,976.00*

| | |
|---|---|
| ** Demurrage rate: | $9,500 per day pro rata |
| Laytime allowed: | 6211.306 MT / 85 TPH = 73 hours |

We look forward to your prompt payment.
Please note that final demurrage claim will be presented upon discharge completion.

Best regards,

*A. Voronina*

Larisa Voronina
Chemlube International

09/20/2004 12:35 FAX 914 381 8988          CHEMLUBE INT. INC          → ZIMMERMAN          ☑005



**chemlube**
**INTERNATIONAL INC.**
500 Mamaroneck Avenue, Harrison, New York 10528
PHONE: (914) 381-5900  FAX: (914) 381-8988  e-mail: newyork@chemlube.com

*Page 5*

27 July 2004

**To:**   Ibeto Petrochemical Industries

**Attn:**   Mr. Ibeto
via fax: 011-234-1-261-9667

**Cc:**   Sopetra SA - Pius Hubmann

**Re:**   MT Sichem Labrador at Lagos, Nigeria 14 June 04 to 27 Jul 04
Bunkers charges

Dear Mr. Ibeto,

Inasmuch as subject vessel has been unable to discharge the cargo sold to you and as a result has been charging us for bunker consumption while on detention, we are hereby presenting our preliminary calculation and invoice in accordance with our contract dated April 20, 2004.

### Bunkers charges calculation

**Discharging - Lagos, Nigeria:**

| | | |
|---|---|---|
| NOR tendered: | 6/14/2004 | 9:00 |
| Start counting (NOR + 6 hours): | 6/14/2004 | 15:00 |
| Vessel remains at anchor position out of port: | 7/27/2004 | 24:00 |
| Time used from 6/14/04  15:00 to 7/27/04  24:00 | | 43.38 days |

## *Bunkers used:*

**4 mtons a day at $208.27 per mt  X  43.38 days:**        **$36,139.01**

We look forward to your prompt payment.

Best regards,

*L. Voronina*

Larisa Voronina
Chemlube International

09/20/2004 12:37 FAX 914 381 8988          CHEMLUBE INT. ING          → ZIMMERMAN          ☒010



**chemlube**
INTERNATIONAL INC.
500 Mamaroneck Avenue, Harrison, New York 10528
PHONE: (914) 381-5800  FAX: (914) 381-8988  e-mail: newyork@chemlube.com

*Page 10*

**11 August 2004**

To:     Ibeto Petrochemical Industries

Attn:   Mr. Ibeto
        via fax: 011-234-1-261-9667

Cc:     Sopetra SA - Pius Hubmann

Re:     MT Sichem Labrador at Lagos, Nigeria 27 July 04 to 11 Aug 04
        <u>Bunkers charges</u>

Dear Mr. Ibeto,

Inasmuch as subject vessel has been unable to discharge the cargo sold to you and as a result has been charging us for bunker consumption while on detention, we are hereby presenting our second calculation and invoice in accordance with our contract dated April 20, 2004.

<u>**Bunkers charges calculation**</u>

Lagos, Nigeria:

| | | |
|---|---|---|
| Vessel remains at anchor position out of port: | 7/27/2004 | 24:00 |
| Vessel remains at anchor position out of port: | 8/11/2004 | 24:00 |

**Time to count:**                                    <u>360 hours 00 mins = 15 days</u>

## <u>Bunkers used:</u>

**4 mtons a day at $208.27 per mt  X  15 days:**          <u>**$12,496.20**</u>

We look forward to your prompt payment.

Best regards,

*L. Voronina*

Larisa Voronina
Chemlube International

# Exhibit E



**chemlube**
INTERNATIONAL INC.
500 Mamaroneck Avenue, Harrison, New York 10528
PHONE: (914) 381-5800  FAX: (914) 381-8968  e-mail: newyork@chemlube.com

TO:  IBETO PETROCHEMICAL INDUSTRIES LTD – NIGERIA                         DECEMBER 31, 2003
       ( VIA FAX: 011-234-1-261-9667 ) – 5 pages                                  AMENDED JANUARY 28, 2004

ATTN:  MR. CLETUS M. IBETO, CHAIRMAN & CHIEF EXECUTIVE

RE : PURCHASE OF BASE OILS
(OUR REFERENCE: CONTRACT NUMBER N0402)

DEAR MR. IBETO,
WITH REFERENCE TO VARIOUS TELEPHONE CONVERSATIONS, WE ARE PLEASED TO CONFIRM
HAVING SOLD BASE OILS TO YOU ACCORDING TO THE FOLLOWING TERMS AND CONDITIONS:

1. SELLER:
   CHEMLUBE INTERNATIONAL INC.
   500 MAMARONECK AVENUE
   HARRISON, NY  10528
   USA

2. BUYER:
   IBETO PETROCHEMICAL INDUSTRIES LTD.
   VICTORIA ISLAND,
   NIGERIA

3. PRODUCT / QUALITY:
   BRIGHTSTOCK 150 BS (VALERO PRODUCTION) IN ACCORDANCE WITH THE SPECIFICATIONS
   GUARANTEED BY THE PRODUCER AND REFERRED TO AS "VALERO VP 150 BS IN THE ATTACHMENT
   TO THIS CONTRACT.

4. QUANTITY:
   BRIGHTSTOCK 150 BS:  2600 METRIC TONS,
   FINAL QUANTITY, AS PER BILL OF LADING, +/- 5% AT SELLER'S OPTION.

5. PRICES:
   THE UNIT PRICE CFR APAPA SEAPORT AND/OR IBRU JETTY, LAGOS, NIGERIA IS:
      BRIGHTSTOCK 150 BS:  USD 515.00 PER METRIC TON

6. DISCHARGE PORT :
   LAGOS, NIGERIA (APAPA AND/OR IBRU JETTY), WHERE PORT COSTS AND DISCHARGE
   COSTS INCLUDING NMA, PILOTAGE, PORT TAXES AND WHARFAGE, IF ANY, ARE FOR
   BUYER'S ACCOUNT.

7. DELIVERY:
   IN ONE LOT, CFR APAPA AND/OR IBRU JETTY, LAGOS AT BUYER'S OPTION, BY SELLER'S
   PERFORMING VESSEL, "BEFFEN" OR SUBSTITUTE, WITH ARRIVAL BASIS SCHEDULED
   LOADING IN PAULSBORO, NJ, USA DURING JANUARY 15-31, 2004, BUT ALWAYS SUBJECT TO
   VESSEL DELAYS AND WEATHER PERMITTING.

1

8  PAYMENT:
   PAYMENT FOR THE PRODUCT SHALL BE MADE IN FULL VIA LETTER OF CREDIT
   (CONFIRMED BY A FIRST CLASS BANK ACCEPTABLE TO SELLER) PROMPTLY "AT SIGHT" IN
   U.S. DOLLARS BY TELEGRAPHIC TRANSFER OF IMMEDIATELY AVAILABLE FUNDS WITHOUT
   OFFSET, DEDUCTION OR COUNTERCLAIM TO SELLER'S BANK AGAINST SELLER'S
   COMMERCIAL INVOICE AND USUAL SHIPPING DOCUMENTS:
   - 3 ORIG 3 COPIES OF CHARTERPARTY BILL OF LADING
   - 1 ORIG 3 COPIES OF COMMERCIAL/FINAL INVOICE
   - 1 ORIG 3 COPIES OF CCVO
   - PACKING LIST

   ALL BANK TRANSACTION CHARGES WITHIN NIGERIA ARE FOR BUYER'S ACCOUNT AND ALL
   BANK TRANSACTION CHARGES OUTSIDE OF NIGERIA ARE FOR SELLER'S ACCOUNT.

9.  CARGO INSURANCE:
    INSURANCE FOR THE CARGO AFTER LOADING IS THE RESPONSIBILITY OF THE BUYER IN
    ACCORDANCE WITH USUAL CFR TERMS.

10.  DISCHARGE:
     THE BUYER SHALL ENSURE THAT A SAFE BERTH IS ALWAYS AVAILABLE FOR THE
     VESSEL TO DISCHARGE THE CARGO AS SOON AS THE VESSEL TENDERS NOTICE OF
     READINESS AT THE DISCHARGE PORT. DISCHARGE RATE: 85 MT/HR SHINC TIME TO
     START COUNTING 6 HOURS FROM N.O.R. OR WHEN VESSEL IS ALL FAST AT BERTH,
     WHICH EVER OCCURS FIRST. THE COST OF ANY DELAYS CAUSED BY FAILURE TO
     PROVIDE THESE FACILITIES WILL BE FOR THE BUYER'S ACCOUNT.

     IN CASE THE VESSEL IS REQUIRED TO LIGHTER INTO BARGES, THE VESSEL IS TO BE
     PREPARED TO RECEIVE THE QUANTITIES BACK INTO THE VESSEL'S CARGO TANKS
     FROM THE BARGES. BUYER WILL TAKE FULL RESPONSIBILITY AND RISK FOR THE
     QUANTITY AND QUALITY OF THE PRODUCT SHOULD THIS OPERATION BE NECESSARY.

11.  DEMURRAGE
     US$ 9500 PER DAY PRO RATA. BUYER GUARANTEES PAYMENT OF DEMURRAGE WITHIN
     MAX 14 DAYS AFTER RECEIPT OF DEMURRAGE CLAIM. ANY DISAGREEMENT OVER THE
     DEMURRAGE CLAIM SHOULD BE RAISED BY BUYER WITHIN 5 WORKING DAYS AFTER
     SUCH CLAIM IS SUBMITTED. OTHERWISE THE DEMURRAGE CLAIM WILL BE ACCEPTED AS
     CORRECT.

12.  DETERMINATION OF QUANTITY AND QUALITY:
     THE QUANTITY OF THE PRODUCT SUPPLIED CARGO SHALL BE ASCERTAINED BY SHORE
     TANK MEASUREMENTS AT THE LOADING TERMINAL AND THE TESTING OF PRODUCT
     QUALITY SHALL BE CARRIED OUT IN ACCORDANCE WITH USUAL GOOD PRACTICE BY THE
     PRODUCER. BOTH THE QUANTITY AND THE QUALITY SHALL BE VERIFIED BY INTERTEK
     CALEB BRETT WHOSE FINDINGS SHALL BE FINAL AND BINDING ON BOTH
     PARTIES.

13.  TITLE AND RISK
     TITLE TO THE PRODUCT AND RISK OF LOSS SHALL PASS FROM SELLER TO BUYER AT THE
     LOADPORT AS THE OIL PASSES THE VESSEL PERMANENT HOSE CONNECTION AT THE
     VESSEL'S RAIL.

14.  FORCE MAJEURE:
     A) BOTH PARTIES SHALL BE RELIEVED FROM THEIR OBLIGATIONS WITH RESPECT TO THE
        SALE, DELIVERY, PURCHASE AND DISTRIBUTION OF THE PRODUCT UPON THE
        OCCURANCE AND FOR THE DURATION OF ANY EVENT OF FORCE MAJEURE, PROVIDED
        THAT THE PARTY HERETO SO RELIEVED OF ITS OBLIGATIONS SHALL INFORM WITHIN

2

TWO WORKING DAYS BY TELEX OR WRITTEN NOTICE THE OTHER PARTY OF THE OCCURANCE OF SUCH EVENT. HOWEVER, IF BY REASON OF THIS CLAUSE, PERFORMANCE BY THE PARTIES IS SUSPENDED MORE THAN 3 MONTHS, EITHER PARTY MAY TERMINATE THIS CONTRACT UPON WRITTEN NOTICE.

B)   FOR PURPOSE OF THIS CONTRACT, FORCE MAJEURE SHALL BE DEFINED AS FOLLOWS: ACTS OF GOD, WAR, DISRUPTION OF SELLER'S SUPPLIES, STRIKES, CIVIL COMMOTION, HOSTILITIES, EARTHQUAKE, FIRE, FLOOD AND MORE GENERALLY ANY EVENT BEYOND THE CONTROL AND REASONABLE, FORESEEABILITY OF THE PARTIES WHICH RENDERS IMPOSSIBLE THE PERFORMANCE OF ANY PARTY'S OBLIGATIONS.

C)   THE PURCHASE PRICE PROVIDED FOR HEREABOVE WILL REMAIN UNCHANGED FOR THE DURATION OF THE SUSPENSION OF THE AGREEEMENT BY REASON OF FORCE MAJEURE

D)   ANY LIABILITY FOR PAYMENT THEREFORE EXISTING SHALL UNDER NO CIRCUMSTANCES BE EXTINGUISHED BUT SHALL, ON THE CONTRARY, REMAIN IN FULL FORCE AND EFFECT.

E)   FORCE MAJEURE WILL NOT APPLY TO PAYMENTS DUE FROM BUYER.

15.   APPLICABLE LAW
      THIS CONTRACT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, USA BUT WITHOUT GIVING EFFECT TO THE CONFLICT OF LAWS PRINCIPLES THEREOF.

16.   ARBITRATION
      ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS CONTRACT, OR THE BREACH THEREOF, SHALL BE SETTLED BY ARBITRATION IN NEW YORK, NY, USA, ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION UNDER ITS COMMERCIAL ARBITRATION RULES, AND JUDGMENT ON THE AWARD RENDERED BY THE ARBITRATOR(S) MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.

17.   TAXES, DUTIES AND OTHER LEVIES
      ALL DUTIES, TAXES, LEVIES AND OTHER OFFICIAL DUES AND CHARGES AS WELL AS THE COSTS OF CARRYING OUT AND CLEARING ALL CUSTOMS FORMALITIES FOR IMPORTATION OF THE GOODS AND, WHERE NECESSARY, FOR THE TRANSIT THROUGH ANOTHER COUNTRY SHALL BE ARRANGED BY AND SHALL BE FOR THE ACCOUNT AND RESPONSIBILITY OF THE BUYER.

18.   INCOTERMS
      INCOTERMS 2000 FOR CFR SALE SHALL APPLY WHERE NOT IN CONTRADICTION  WITH THE FOREGOING CONTRACTUAL TERMS.

19.   GOVERNMENTAL / CUSTOMS REQUIREMENTS
      BUYER WARRANTS THAT ALL CUSTOMS FORMALITIES AND REQUIREMENTS OF THE LOCAL AUTHORITIES IN NIGERIA HAVE BEEN PROPERLY SECURED AND COMPLIED WITH FOR THE IMPORTATION OF SUBJECT CARGO TO BUYER'S DESIGNATED DISCHARGE LOCATION. APPLICATION FOR ALL RELEVANT PERMITS / LICENSES REQUIRED BY THE GOVERNMENTAL AUTHORITIES FOR THE DISCHARGE OF THE VESSEL AND THE IMPORTATION OF THE GOODS SHALL BE ARRANGED BY BUYER IN GOOD ORDER ON OR BEFORE VESSEL'S ARRIVAL AT THE DISCHARGE PORT AND COSTS INCURRED THEREFROM SHALL BE FULLY FOR BUYER'S ACCOUNT.

3

20.   NOTICES AND DOCUMENTS
      FOR THE PURPOSE OF REQUIRED NOTICES AND THE EXCHANGE OF DOCUMENTS
      HEREUNDER THE FOLLOWING ADDRESSES SHALL BE USED, AS APPROPRIATE:

CHEMLUBE INTERNATIONAL INC.
500 MAMARONECK AVENUE
HARRISON, NY 10528
USA
ATTN: MR. ROBERT NOBEL
TEL: +1-914-381-5800
FAX: +1-914-381-8988

IBETO PETROCHEMICAL INDUSTRIES LTD.
4A ADEOLA HOPEWELL STREET
VICTORIA ISLAND
LAGOS
NIGERIA
ATTN: MR. CLETUS M. IBETO
TEL: +234-1-261-9194
FAX: +234-1-261-9667

BNP PARIBAS (SUISSE) S.A.
QUAI DE BERGUES 11
CH 1211 GENEVA 1
SWITZERLAND
ATTN: MS. CHANTAL SEDAKOFF
TEL: +41-22-905-2838
FAX: +41-22-738-0150

WE ARE PLEASED TO HAVE CONCLUDED THIS BUSINESS WITH YOUR ESTEEMED COMPANY.
KINDLY CONFIRM YOUR AGREEMENT TO THE TERMS AND CONDITIONS STIPULATED ABOVE BY
RETURNING A SIGNED COPY OF THE CONTRACT TO US.

SELLER:                                    BUYER:   Ibeto Petrochemical Ind. Ltd.

ROBERT NOBEL                                        CLETUS M. IBETO
CHEMLUBE INTERNATIONAL INC.                         IBETO PETROCHEMICAL
                                                    INDUSTRIES LTD.
DATE: _January 28 2004_                    DATE: _29th January 2004_

4



# chemlube

## INTERNATIONAL INC.

500 Mamaroneck Avenue, Harrison, New York 10528
PHONE: (914) 381-5800  FAX: (914) 381-8988  e-mail: newyork@chemlube.com

TO: IBETO PETROCHEMICAL INDUSTRIES LTD – NIGERIA          DECEMBER 31, 2003
   ( VIA FAX: 011-234-1-261-9667 ) – 8 pages

ATTN: <u>MR. CLETUS M. IBETO</u>, CHAIRMAN & CHIEF EXECUTIVE

<u>RE : PURCHASE OF BASE OILS</u>
(OUR REFERENCE: CONTRACT NUMBER E0102)

DEAR MR. IBETO,
WITH REFERENCE TO VARIOUS TELEPHONE CONVERSATIONS, WE ARE PLEASED TO CONFIRM
HAVING SOLD BASE OILS TO YOU ACCORDING TO THE FOLLOWING TERMS AND CONDITIONS :

1. SELLER:
   CHEMLUBE INTERNATIONAL INC.
   500 MAMARONECK AVENUE
   HARRISON, NY  10528
   USA

2. BUYER:
   IBETO PETROCHEMICAL INDUSTRIES LTD.
   VICTORIA ISLAND,
   NIGERIA

3. PRODUCT / QUALITY:
   BASE OIL GRADES BRIGHTSTOCK 150 BS, BASE OIL SN 700, AND BASE OIL SN 150 IN ACCORDANCE
   WITH THE EXPORT BASE OIL SPECIFICATIONS GUARANTEED BY THE PRODUCER (VALERO
   MARKETING & SUPPLY CO. – USA) AND REFERRED TO AS "VALERO VP 150 BS", "VALERO VP 700",
   AND "VALERO VP 155" IN THE ATTACHMENT TO THIS CONTRACT.

4. QUANTITY:
   BRIGHTSTOCK 150 BS:  6000 METRIC TONS,
     AND
   BASE OIL SN 700:  1000 METRIC TONS,
     AND
   BASE OIL SN 150:  1000 METRIC TONS.
   FINAL QUANTITIES, AS PER BILL OF LADING, +/- 5% AT SELLER'S OPTION.

5. PRICES:
   THE UNIT PRICES CFR APAPA SEAPORT AND/OR IBRU JETTY, LAGOS, NIGERIA ARE:
     BRIGHTSTOCK 150 BS:  USD 515.00 PER METRIC TON
     BASE OIL SN 700:  USD 480.00 PER METRIC TON
     BASE OIL SN 150:  USD 480.00 PER METRIC TON

6. DISCHARGE PORT :
   LAGOS, NIGERIA (APAPA AND/OR IBRU JETTY), WHERE PORT COSTS AND DISCHARGE
   COSTS INCLUDING NMA, PILOTAGE, PORT TAXES AND WHARFAGE, IF ANY, ARE FOR
   BUYER'S ACCOUNT.

7. DELIVERY:
   IN ONE LOT, CFR APAPA AND/OR IBRU JETTY, LAGOS AT BUYER'S OPTION, BY SELLER'S
   PERFORMING VESSEL, "BEFFEN" OR SUBSTITUTE, WITH ARRIVAL BASIS SCHEDULED
   LOADING IN PAULSBORO, NJ, USA DURING JANUARY 15-31,2004, BUT ALWAYS SUBJECT TO
   VESSEL DELAYS AND WEATHER PERMITTING.

8.  **PAYMENT·**
PAYMENT FOR THE PRODUCT SHALL BE MADE IN FULL WITHIN 90 DAYS FROM THE BILL OF LADING DATE IN U.S. DOLLARS FREE OF ALL CHARGES VIA TELEGRAPHIC TRANSFER OF IMMEDIATELY AVAILABLE FUNDS WITHOUT OFFSET, DEDUCTION OR COUNTERCLAIM TO SELLER'S BANK AGAINST SELLER'S COMMERCIAL INVOICE AND USUAL SHIPPING DOCUMENTS:
- 3 ORIG 3 COPIES OF CHARTERPARTY BILL OF LADING
- 1 ORIG 3 COPIES OF COMMERCIAL/FINAL INVOICE
- 1 ORIG 3 COPIES OF CCVO
- PACKING LIST

IN LIEU OF AN ACCEPTABLE AND CONFIRMED LETTER OF CREDIT AS GUARANTEE FOR PAYMENT, BUYER AND SELLER HAVE COOPERATED IN ARRANGING U.S. EXIMBANK INSURANCE COVERAGE FOR PAYMENT DUE UNDER SUCH TRANSACTIONS AS THIS. BOTH PARTIES WILL CONTINUE TO COOPERATE TO ENSURE THAT ALL REQUIRED DOCUMENTATION IS PRODUCED AND THAT THIS INSURANCE COVERAGE WILL APPLY TO THE CARGO SHIPPED UNDER THIS CONTRACT.

ALL BANK TRANSACTION CHARGES WITHIN NIGERIA ARE FOR BUYER'S ACCOUNT AND ALL BANK TRANSACTION CHARGES OUTSIDE OF NIGERIA ARE FOR SELLER'S ACCOUNT.

9.  **REQUIRED DOCUMENTATION**
AS SOON A POSSIBLE AFTER LOADING, AND IN ANY CASE PRIOR TO DISCHARGE OF THE SUBJECT CARGO THE BUYER SHALL PROVIDE TO THE SELLER THE FOLLOWING DOCUMENTS APPROPRIATELY COMPLETED:
- PROMISSORY NOTE FROM IBETO PETROCHEMICAL INDUSTRIES LTD. TOGETHER WITH GUARANTEE OF THE IBETO GROUP – NIGERIA.
- CERTIFICATE OF ACCEPTANCE
THE WORDING OF THESE SHALL BE AS PER THE ATTACHED SAMPLES.   ALL SHALL BE SIGNED BY CLETUS M. IBETO WHOSE SIGNATURE MUST BE AUTHENTICATED BY A LAGOS, NIGERIA BANK ACCEPTABLE TO SELLER.

10.  **CARGO INSURANCE:**
INSURANCE FOR THE CARGO AFTER LOADING IS THE RESPONSIBILITY OF THE BUYER IN ACCORDANCE WITH USUAL CFR TERMS.

11.  **DISCHARGE:**
THE BUYER SHALL ENSURE THAT A SAFE BERTH IS ALWAYS AVAILABLE FOR THE VESSEL TO DISCHARGE THE CARGO AS SOON AS THE VESSEL TENDERS NOTICE OF READINESS AT THE DISCHARGE PORT. DISCHARGE RATE; 85 MT/HR SHINC TIME TO START COUNTING 6 HOURS FROM N.O.R. OR WHEN VESSEL IS ALL FAST AT BERTH, WHICH EVER OCCURS FIRST. THE COST OF ANY DELAYS CAUSED BY FAILURE TO PROVIDE THESE FACILITIES WILL BE FOR THE BUYER'S ACCOUNT.

IN CASE THE VESSEL IS REQUIRED TO LIGHTER INTO BARGES, THE VESSEL IS TO BE PREPARED TO RECEIVE THE QUANTITIES BACK INTO THE VESSEL'S CARGO TANKS FROM THE BARGES. BUYER WILL TAKE FULL RESPONSIBILITY AND RISK FOR THE QUANTITY AND QUALITY OF THE PRODUCT SHOULD THIS OPERATION BE NECESSARY.

12.  **DEMURRAGE**
US$ 9500 PER DAY PRO RATA. BUYER GUARANTEES PAYMENT OF DEMURRAGE WITHIN MAX 14 DAYS AFTER RECEIPT OF DEMURRAGE CLAIM. ANY DISAGREEMENT OVER THE DEMURRAGE CLAIM SHOULD BE RAISED BY BUYER WITHIN 5 WORKING DAYS AFTER SUCH CLAIM IS SUBMITTED. OTHERWISE THE DEMURRAGE CLAIM WILL BE ACCEPTED AS CORRECT.

2

13. DETERMINATION OF QUANTITY AND QUALITY:
THE QUANTITY OF THE PRODUCT SUPPLIED CARGO SHALL BE ASCERTAINED BY SHORE TANK MEASUREMENTS AT THE LOADING TERMINAL AND THE TESTING OF PRODUCT QUALITY SHALL BE CARRIED OUT IN ACCORDANCE WITH USUAL GOOD PRACTICE BY THE PRODUCER. BOTH THE QUANTITY AND THE QUALITY SHALL BE VERIFIED BY INTERTEK CALEB BRETT OR SGS WHOSE FINDINGS SHALL BE FINAL AND BINDING ON BOTH PARTIES.

14. TITLE AND RISK
TITLE TO THE PRODUCT AND RISK OF LOSS SHALL PASS FROM SELLER TO BUYER AT THE LOADPORT AS THE OIL PASSES THE VESSEL PERMANENT HOSE CONNECTION AT THE VESSEL'S RAIL.

15. FORCE MAJEURE:
A) BOTH PARTIES SHALL BE RELIEVED FROM THEIR OBLIGATIONS WITH RESPECT TO THE SALE, DELIVERY, PURCHASE AND DISTRIBUTION OF THE PRODUCT UPON THE OCCURANCE AND FOR THE DURATION OF ANY EVENT OF FORCE MAJEURE, PROVIDED THAT THE PARTY HERETO SO RELIEVED OF ITS OBLIGATIONS SHALL INFORM WITHIN TWO WORKING DAYS BY TELEX OR WRITTEN NOTICE THE OTHER PARTY OF THE OCCURANCE OF SUCH EVENT. HOWEVER, IF BY REASON OF THIS CLAUSE, PERFORMANCE BY THE PARTIES IS SUSPENDED MORE THAN 3 MONTHS, EITHER PARTY MAY TERMINATE THIS CONTRACT UPON WRITTEN NOTICE.

B) FOR PURPOSE OF THIS CONTRACT, FORCE MAJEURE SHALL BE DEFINED AS FOLLOWS: ACTS OF GOD, WAR, DISRUPTION OF SELLER'S SUPPLIES, STRIKES, CIVIL COMMOTION, HOSTILITIES, EARTHQUAKE, FIRE, FLOOD AND MORE GENERALLY ANY EVENT BEYOND THE CONTROL AND REASONABLE FORESEEABILITY OF THE PARTIES WHICH RENDERS IMPOSSIBLE THE PERFORMANCE OF ANY PARTY'S OBLIGATIONS.

C) THE PURCHASE PRICE PROVIDED FOR HEREABOVE WILL REMAIN UNCHANGED FOR THE DURATION OF THE SUSPENSION OF THE AGREEEMENT BY REASON OF FORCE MAJEURE

D) ANY LIABILITY FOR PAYMENT THEREFORE EXISTING SHALL UNDER NO CIRCUMSTANCES BE EXTINGUISHED BUT SHALL, ON THE CONTRARY, REMAIN IN FULL FORCE AND EFFECT.

E) FORCE MAJEURE WILL NOT APPLY TO PAYMENTS DUE FROM BUYER.

16. APPLICABLE LAW
THIS CONTRACT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, USA BUT WITHOUT GIVING EFFECT TO THE CONFLICT OF LAWS PRINCIPLES THEREOF.

17. ARBITRATION
ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS CONTRACT, OR THE BREACH THEREOF, SHALL BE SETTLED BY ARBITRATION IN NEW YORK, NY, USA, ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION UNDER ITS COMMERCIAL ARBITRATION RULES, AND JUDGMENT ON THE AWARD RENDERED BY THE ARBITRATOR(S) MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.

18. TAXES, DUTIES AND OTHER LEVIES
ALL DUTIES, TAXES, LEVIES AND OTHER OFFICIAL DUES AND CHARGES AS WELL AS THE COSTS OF CARRYING OUT AND CLEARING ALL CUSTOMS FORMALITIES FOR IMPORTATION OF THE GOODS AND, WHERE NECESSARY, FOR THE TRANSIT THROUGH ANOTHER COUNTRY SHALL BE ARRANGED BY AND SHALL BE FOR THE ACCOUNT AND

3

RESPONSIBILITY OF THE BUYER.

19.  INCOTERMS
     INCOTERMS 2000 FOR CFR SALE SHALL APPLY WHERE NOT IN CONTRADICTION WITH
     THE FOREGOING CONTRACTUAL TERMS.

20.  GOVERNMENTAL / CUSTOMS REQUIREMENTS
     BUYER WARRANTS THAT ALL CUSTOMS FORMALITIES AND REQUIREMENTS OF THE
     LOCAL AUTHORITIES IN NIGERIA HAVE BEEN PROPERLY SECURED AND COMPLIED WITH
     FOR THE IMPORTATION OF SUBJECT CARGO TO BUYER'S DESIGNATED DISCHARGE
     LOCATION.  APPLICATION FOR ALL RELEVANT PERMITS / LICENSES REQUIRED BY THE
     GOVERNMENTAL AUTHORITIES FOR THE DISCHARGE OF THE VESSEL AND THE
     IMPORTATION OF THE GOODS SHALL BE ARRANGED BY BUYER IN GOOD ORDER ON
     OR BEFORE VESSEL'S ARRIVAL AT THE DISCHARGE PORT AND COSTS INCURRED
     THEREFROM SHALL BE FULLY FOR BUYER'S ACCOUNT.

21.  NOTICES AND DOCUMENTS
     FOR THE PURPOSE OF REQUIRED NOTICES AND THE EXCHANGE OF DOCUMENTS
     HEREUNDER THE FOLLOWING ADDRESSES SHALL BE USED, AS APPROPRIATE:

CHEMLUBE INTERNATIONAL INC.
500 MAMARONECK AVENUE
HARRISON, NY 10528
USA
ATTN: MR. ROBERT NOBEL
TEL: +1-914-381-5800
FAX: +1-914-381-8988

IBETO PETROCHEMICAL INDUSTRIES LTD.
4A ADEOLA HOPEWELL STREET
VICTORIA ISLAND
LAGOS
NIGERIA
ATTN: MR. CLETUS M. IBETO
TEL: +234-1-261-9194
FAX: +234-1-261-9667

BNP PARIBAS (SUISSE) S.A.
QUAI DE BERGUES 11
CH 1211 GENEVA 1
SWITZERLAND
ATTN: MS. CHANTAL SEDAKOFF
TEL: +41-22-906-2838
FAX: +41-22-738-0150

WE ARE PLEASED TO HAVE CONCLUDED THIS BUSINESS WITH YOUR ESTEEMED COMPANY.
KINDLY CONFIRM YOUR AGREEMENT TO THE TERMS AND CONDITIONS STIPULATED ABOVE BY
RETURNING A SIGNED COPY OF THE CONTRACT TO US.

SELLER;                                          BUYER;

ROBERT NOBEL                                     CLETUS M. IBETO
CHEMLUBE INTERNATIONAL INC.                      IBETO PETROCHEMICAL
                                                 INDUSTRIES LTD.
DATE :  12/31/03                                 DATE : 12th Jan. 2004

**Exhibit F**

### TANKER BILL OF LADING #1

Shipped in apparent good order and condition by **CHEMLUBE INTERNATIONAL, INC.** on board of the **M/T BEFFEN** at the port of **PAULSBORO, NJ, USA** where of **Captain KUMAR VINAYAK** is the master of this voyage, to be delivered to the port of **LAGOS, NIGERIA**

Consignee: TO THE ORDER OF BNP PARIBAS (SUISSE) S.A., GENEVA, SWITZERLAND

A quantity in bulk said by the shipper to be:

> BRIGHTSTOCK 150 BS: **5998.602** METRIC TONS,
> AND
> BASE OIL SN 700: **1049.720** METRIC TONS,
> AND
> BASE OIL SN 150: **999.853** METRIC TONS.

**FIRST ORIGINAL**

These commodities, technology or software were exported from the United States in accordance with the Export Administration Regulations. Ultimate country of destination is Nigeria. Diversion contrary to United States law prohibited.

CLEAN ON BOARD: 6 FEBRUARY 2004 *se*
FREIGHT PAYABLE AS PER CHARTER PARTY

NO SED REQUIRED-AES XTN REF: 133537893-020604-01
FORM M NUMBER MF 0501759 AND/OR BA04420040990001 AND
· CLEAN REPORT OF INSPECTION NUMBER SCI061295001
EXIM POLICY No. BSS-242693

The quantity, weight, gauge, quality, nature, value and actual condition of the cargo unknown to the vessel and the Master, to be delivered at the port of discharge or so near thereto as the vessel can safely get, always afloat upon payment of freight as agreed. This shipment is carried under and pursuant to the terms of the Charter Party dated 31 December 2003 between Chemlube International Inc. as Charterer and Bryggen Shipping and Trading A/S as Owner and all conditions and exceptions whatsoever thereto. In witness whereof, the Master (or his authorized agent) has signed three (3) Original Bills of Lading and three (3) Non-Negotiable copies of B/L of this tenor and date, one of which being accomplished, the others stand void.

Dated at PAULSBORO, U.S.A. this day of: **6 FEBRUARY 2004**

> Notify:      IBETO PETROCHEMICAL INDUSTRIES LTD
>              4A ADEOLA HOPEWELL STREET,
>              VICTORIA ISLAND, LAGOS
>              NIGERIA

Robin Ship Agency as agents for and on behalf of
the master, Captain KUMAR VINAYAK

## TANKER BILL OF LADING #2

Shipped in apparent good order and condition by **CHEMLUBE INTERNATIONAL INC.** on board of the **M/T BEFFEN** at the port of **PAULSBORO, U.S.A.** where of **Captain KUMAR VINAYAK** is the master of this voyage, to be delivered to the port of **LAGOS**

Consignee: TO THE ORDER OF BNP PARIBAS (SUISSE) S.A., GENEVA, SWITZERLAND

A quantity in bulk said by the shipper to be:
RAW MATERIAL FOR LUBE OIL PREPARATION
BRIGHT STOCK 150 BS  1,599.173MT

**FIRST ORIGINAL**

These commodities, technology or software were exported from the United States in accordance with the Export Administration Regulations. Ultimate country of destination is Nigeria. Diversion contrary to United States law prohibited.

CLEAN ON BOARD: 6 FEBRUARY 2004
FREIGHT PAYABLE AS PER CHARTER PARTY

NO SED REQUIRED-AES XTN REF: 133537893-020604-01
LC REFERENCE NUMBER:A20040051U,
FORM M NUMBER MF0650967 AND/OR BA04420040990033 AND
CLEAN REPORT OF INSPECTION NUMBER SCI063550001

The quantity, weight, gauge, quality, nature, value and actual condition of the cargo unknown to the vessel and the Master, to be delivered at the port of discharge or so near thereto as the vessel can safely get, always afloat upon payment of freight as agreed. This shipment is carried under and pursuant to the terms of the Charter Party dated 31 December 2003 between Chemlube International Inc. as Charterer and Bryggen Shipping and Trading A/S as Owner and all conditions and exceptions whatsoever thereto. In witness whereof, the Master (or his authorized agent) has signed three (3) Original Bills of Lading and three (3) Non-Negotiable copies of B/L of this tenor and date, one of which being accomplished, the others stand void.

Dated at PAULSBORO, U.S.A. this day of: 6 FEBRUARY 2004

Notify:        IBETO PETROCHEMICAL INDUSTRIES LTD
               4A ADEOLA HOPEWELL STREET,
               VICTORIA ISLAND, LAGOS
               NIGERIA

Robin Ship Agency as agents for and on behalf of
the master, Captain KUMAR VINAYAK

### TANKER BILL OF LADING #3

Shipped in apparent good order and condition by **CHEMLUBE INTERNATIONAL INC.** on board of the **M/T BEFFEN** at the port of **PAULSBORO, U.S.A.** where of **Captain KUMAR VINAYAK** is the master of this voyage, to be delivered to the port of **LAGOS**

Consignee: TO THE ORDER OF BNP PARIBAS (SUISSE) S.A., GENEVA, SWITZERLAND

A quantity in bulk said by the shipper to be:
RAW MATERIAL FOR LUBE OIL PREPARATION      **FIRST**
BRIGHT STOCK 150 BS  999.913MT              **ORIGINAL**

These commodities, technology or software were exported from the United States in accordance with the Export Administration Regulations. Ultimate country of destination is Nigeria. Diversion contrary to United States law prohibited.

CLEAN ON BOARD; 6 FEBRUARY 2004
FREIGHT PAYABLE AS PER CHARTER PARTY

NO SED REQUIRED-AES XTN REF: 133537893-020604-01
LC REFERENCE NUMBER:A20040051U,
FORM M NUMBER MF0650967 AND/OR BA04420040990033 AND
CLEAN REPORT OF INSPECTION NUMBER SCI063550001

The quantity, weight, gauge, quality, nature, value and actual condition of the cargo unknown to the vessel and the Master, to be delivered at the port of discharge or so near thereto as the vessel can safely get, always afloat upon payment of freight as agreed. This shipment is carried under and pursuant to the terms of the Charter Party dated 31 December 2003 between Chemlube International Inc. as Charterer and Bryggen Shipping and Trading A/S as Owner and all conditions and exceptions whatsoever thereto. In witness whereof, the Master (or his authorized agent) has signed three (3) Original Bills of Lading and three (3) Non-Negotiable copies of B/L of this tenor and date, one of which being accomplished, the others stand void.

Dated at PAULSBORO, U.S.A. this day of: 6 FEBRUARY 2004

Notify:      IBETO PETROCHEMICAL INDUSTRIES LTD
             4A ADEOLA HOPEWELL STREET,
             VICTORIA ISLAND, LAGOS
             NIGERIA

Robin Ship Agency as agents for and on behalf of
the master, Captain KUMAR VINAYAK

**Exhibit G**

FROM : MAX MARITIME SERVICES LTD       PHONE NO. : 5457126          Mar. 30 2004 01:35AM P3

## NOTICE OF READINESS

M.V.   B E F F E N
At     LAGOS
Date   24ᵗʰ Feb 2004

To

Max Shipping Services ltd.
Lagos

Gentlemen,

Please be advised that the M.V. BEFFEN under my command, arrived Lagos on 24ᵗʰ Feb 2004 at 1600 hrs lt and is ready in every respect to discharge all cargoes (As per bills of lading qty) under C/P dated 31-Dec-2003.

Vessel hereby tenders NOTICE OF READINESS today on 24ᵗʰ Feb 2004 at 1600 hrs lt.

Yours truly,

Capt.P.K.Vinayak
Master, M.V. Beffen

Accepted By:

Signature & Name

Date and Time:  5 | 03 | 04

FOR RECEIPT ONLY
WITHOUT ADMISSION OF LIABILITY

# Exhibit H



**INTERNATIONAL INC.**
500 Mamaroneck Avenue, Harrison, New York 10528
PHONE: (914) 381-5800  FAX: (914) 381-8988  e-mail: newyork@chemlube.com

19 August 2004                                                                    4 pages

To:     Ibeto Petrochemical Industries

Attn:   Mr. Ibeto
        vis fax: 011-234-1-261-9667

Cc:     Sopetra SA - Pius Hubmann

Re:     MT Beffen at Lagos, Nigeria 24 Feb - 16 Mar 2004 - demurrage calculation

Dear Mr. Ibeto,

Inasmuch as subject vessel incurred delays while discharging the cargo sold to you, we are hereby
presenting our demurrage calculation, invoice and supporting data in accordance with our agreement.

### Demurrage Calculation

**Discharging - Lagos, Nigeria:**

Apapa, pier No. 5

| | | |
|---|---|---|
| NOR tendered: | 2/24/2004 | 16:00 |
| Hoses disconnected: | 3/8/2004 | 13:05 |
| Time from "NOR tendered" to | | |
| "hoses disconnected": | 309 hours 05 mins | |
| Deduct: | | |
| *NOR* | *- 6 hours 00 mins* | |
| *Total time to count - discharge at Apapa:* | *303 hours 05 mins* | |

Ibry Jetty

| | | |
|---|---|---|
| NOR tendered: | 3/8/2004 | 13:05 |
| Hoses disconnected: | 3/16/2004 | 13:15 |
| Time from "NOR tendered" to | | |
| "hoses disconnected": | 192 hours 10 mins | |
| Deduct: | | |
| *NOR* | *- 6 hours 00 mins* | |
| *Total time to count - discharge at Ibru Jetty:* | *186 hours 10 mins* | |

**Total time used - discharging:**        **489 hours 15 mins**

## Demurrage expense:

**(489 hours 15 mins - 125 hours 16 mins \*) x $ 9,500 PDPR\*\* = $144,077.00**

| | | |
|---|---|---|
| *\* Laytime allowed:* | 10847.261 MT / 85 TPH = 125.26 hours = 125 hours 16 mins | |
| *\*\* Demurrage rate:* | $9,500 per day pro rata | |

We look forward to your prompt payment. Thank you.

Best regards,

*h. Voronine*

Larisa Voronina
Chemlube International



**INTERNATIONAL INC.**
500 Mamaroneck Avenue, Harrison, New York 10528
PHONE: (914) 381-5800  FAX: (914) 381-8988  e-mail: newyork@chemlube.com

# INVOICE

| DATE: 31 March 2004 | INVOICE # CL0043-DM | Contract No. E0102 / E0402 |
|---|---|---|

| TO: | SHIPMENT DATE: | 6-Feb-04 |
|---|---|---|
| Ibeto Petrochemical Indistries Ltd. | TRANSPORT: | MT BEFFEN |
| 4A Adeola Hopewell Street | | |
| Victoria Island, Lagos | SHIPPED FROM: | PAULSBORO, USA |
| Nigeria | | |
| | SHIP TO: | LAGOS, NIGERIA |

| TOTAL LAYTIME USED | 489 HOURS  15 MINS |
|---|---|
| LAYTIME ALLOWED | 125 HOURS 16 MINS |
| *TIME ON DEMURRAGE* | *363 HOURS 59 MINS  = 15.166 DAYS* |

**DEMURRAGE EXPENSE = 15.166 X $ 9,500 = USD 144,077.00**

**PAYMENT INSTRUCTIONS:**
BNP PARIBAS (SUISSE) S. A., GENEVA, SWITZERLAND.
SWIFT CODE:  UEBGCHGG-TVA
BENEFICIARY: CHEMLUBE INTERNATIONAL INC., HARRISON, NY, USA.
ACCOUNT NUMBER: 77456 / 1Z

TRUE AND CORRECT   *L. Verouine*

## CHEMLUBE INTERNATIONAL INC.

ALL GOODS SHIPPED AT BUYER'S RISK
ALL CLAIMS MUST BE PRESENTED IN WRITING WITHIN 10 DAYS OF RECEIPT OF GOODS